IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 16, 2026

## BRYIANT C. OVERTON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. 61909C   James A. Turner, Judge**

_____

### No. M2025-01905-CCA-R3-PC

_____

Petitioner, Bryiant C. Overton, appeals the denial of his petition for writ of error coram nobis. He contends that the circuit court abused its discretion by re-characterizing his petition as one for coram nobis relief, by dismissing the petition as time-barred, and by treating prior post-conviction proceedings as a procedural bar. Upon review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which J. ROSS DYER and MATTHEW J. WILSON, JJ., joined.

Bryiant C. Overton, Nashville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Kelly M. Telfeyan, Assistant Attorney General; Jennings H. Jones, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural Background

This case relates to an incident that occurred in December 2007, in which the victim arranged a drug deal at the request of one of Petitioner's co-defendants. *State v. Overton*, No. M2009-01977-CCA-R3-CD, 2011 WL 538857, at *1 (Tenn. Crim. App. Feb. 15, 2011). After the transaction was completed, Petitioner stated that he had an issue with the dealer, and he demanded that the victim call the dealer and take him to the dealer's residence. *Id*. at *8. Petitioner then asked one of his co-defendants for a gun. The co-defendant handed the gun to Petitioner across the victim while the victim sat between the two men in the backseat of a vehicle. *Id*. The co-defendant stated that "somebody was

going to die tonight" and told the victim she "wasn't going anywhere." The victim told Petitioner that she did not know where the dealer lived, and she was unable to reach him by phone. *Id*. The situation escalated when the co-defendant announced that the drugs were fake. The victim offered to help recover the money and complied with every demand made by Petitioner. *Id*. Petitioner took the victim's cell phone from her, preventing her from summoning help. Once in a remote area, Petitioner pulled the victim from the vehicle and began shooting her from behind multiple times until he ran out of bullets. He and his co-defendants then left the injured victim at the location. *Id*.

Based upon this incident, a Rutherford County jury convicted Petitioner of aggravated kidnapping, aggravated robbery, attempted first degree murder, and conspiracy to commit kidnapping, for which Petitioner is currently serving an effective forty-eight-year sentence. *Overton v. State*, No. M2016-00783-CCA-R3-PC, 2018 WL 287176, at *1 (Tenn. Crim. App. Jan. 4, 2018). Petitioner's judgments of conviction were entered in June 2009, and Petitioner filed a notice of appeal with this court in September 2009. Upon review, this court affirmed his convictions but remanded the case for correction of a sentencing error. *Overton*, 2011 WL 538857, at *9.

After the denial of his direct appeal, Petitioner filed a petition for post-conviction relief. *Overton*, 2018 WL 287176, at *1. One of the issues raised in his post-conviction petition related to the credibility of the victim. *Id*. at *1-2. Petitioner testified in the post-conviction hearing that inconsistencies existed between the victim's recorded statement to the police, her preliminary hearing testimony, and her trial testimony. *Id*. He asserted that his trial counsel rendered ineffective assistance by failing to raise these issues at trial. *Id*. Following a hearing, the post-conviction court denied relief, and this court affirmed the decision of the post-conviction court in an opinion filed January 4, 2018. *Id*. at *3, *7.

Over seven years later, on September 12, 2025, Petitioner filed a document entitled, "Post-Conviction Petition (Tenn. House Bill 601 (2025))[.]" In the petition, he asserted that he was entitled to a new trial because "the prosecution knowingly relied on false material testimony without correcting it, contrary to established law in *Napue v. Illinois*, 360 U.S. 264 (1959)." Petitioner alleged that the victim's testimony at trial "directly contradicted her own pretrial recorded statement" and that the State failed to correct the false testimony. The alleged discrepancy in the victim's account concerned when Petitioner first possessed the gun used to shoot her. According to Petitioner, the victim told Detective Ty Downing in a recorded statement that Petitioner obtained the gun from a co-defendant after they arrived at the remote location where the victim was shot; however, the victim testified at trial that the co-defendant gave Petitioner the gun before they drove to the location of the shooting.

Petitioner asserted that the petition was timely and cognizable "under newly enacted . . . House Bill 601, which permits post-conviction relief based on 'actual innocence' supported by new evidence not previously known to the judge or jury" and which allows a petition for post-conviction relief to be filed "at any time" under those circumstances. Petitioner argued that the victim's recorded statement to police was "new evidence" because it was not presented to the jury or judge and that neither the jury nor judge knew that the victim had originally given a contrary account. He further argued that this "new evidence" established he was actually innocent of the offenses for which he was convicted because, without the victim's allegedly false testimony, the State had no basis for the charges.

The Rutherford County Circuit Court interpreted the petition as one for writ of error coram nobis and entered an order denying relief on October 24, 2025. The circuit court concluded that the petition did not successfully allege newly discovered evidence of actual innocence and that the petition was not filed within the applicable statute of limitations. Specifically, the circuit court held that regardless of whether the evidence was presented to the jury and the court at trial, it was not "newly discovered" because the "issue was raised in . . . Petitioner's original post-conviction hearing in 2016," during which Petitioner "testified that the victim's statements to police before trial were inconsistent with her preliminary hearing testimony and trial testimony." The circuit court found that the petition was filed outside the applicable statute of limitations and that because the "'newly discovered evidence of actual innocence' was known to [Petitioner] in at least 2016," the petition was time-barred. Additionally, the court concluded that coram nobis relief was not warranted because "the same evidence that form[ed] the basis of [the petition] was litigated, unsuccessfully, in . . . Petitioner's post-conviction petition" and because "[t]he error coram nobis statutory framework precludes the use of coram nobis petitions to relitigate issues already addressed in post-conviction proceedings."

Petitioner's notice of appeal was filed on November 25, 2025.

## Analysis

On appeal, Petitioner contends that the circuit court abused its discretion by "re-characterizing" his petition as one for coram nobis relief, by dismissing the petition as time-barred, and by treating prior post-conviction proceedings as a procedural bar. In response, the State first contends that the instant appeal should be dismissed as untimely. Alternatively, the State asserts that the circuit court properly dismissed the coram nobis petition because it was untimely and because Petitioner was not entitled to due process tolling.

- 3 -

### *Timeliness of Petitioner's notice of appeal*

Tennessee Rule of Appellate Procedure 4(a) provides that the notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). Rule 4(a) also provides that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the timely filing of such document may be waived in the interest of justice." *Id.* When considering whether to waive an untimely notice of appeal, "this [c]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005), *no perm. app. filed*.

Because Petitioner is incarcerated and representing himself, Rule 20(g) of the Tennessee Rules of Appellate Procedure applies. Commonly referred to as "the prison mailbox rule," Rule 20(g) permits documents filed by an incarcerated pro se litigant to be deemed timely "if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. App. P. 20(g). Where timeliness of filing is at issue, the burden of proving timely delivery is on the inmate. *Id.*

Here, the circuit court entered an order denying relief on October 24, 2025. Because the thirty-day deadline (November 23, 2025) fell on a weekend, Petitioner had until Monday, November 24, 2025, to timely file his notice of appeal. Petitioner's notice of appeal was filed on November 25, 2025, rendering it untimely by one day.

In a reply brief, Petitioner asserts that the notice of appeal was timely filed under the prison mailbox rule. Petitioner contends that he placed the document into the institutional mailing system on November 21, 2025, several days before the filing deadline, and that "[a]ny delay caused by prison mail processing or courthouse intake procedures should not operate to deprive Petitioner of review." Although the notice of appeal does not specifically state it was delivered to the appropriate person at the Riverbend Maximum Security Institution on November 21, 2025, Petitioner's assertion that he placed the document into the institutional mailing system on that date is supported by the fact that the notice of appeal contains a certificate of service, in which Petitioner certified that the pleading was delivered by U.S. Mail on November 21, 2025.

Even assuming that the notice of appeal was untimely, there was only a one-day delay in filing, and the issues presented for review involve Petitioner's claim that newly discovered evidence establishes he is actually innocent of the serious felony offenses for which he stands convicted. Thus, we conclude that waiver of the timeliness requirement is appropriate in this case. *See Broyld*, 2005 WL 3543415, at *1.

## *Denial of coram nobis relief*

A writ of error coram nobis in criminal cases is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). "The relief is 'confined to error dehors the record' and 'matters that were not and could not have been litigated' in the trial, the appeal, or any other type of post-conviction proceeding." *Clardy v. State*, 691 S.W.3d 390, 400 (Tenn. 2024). (quoting Tenn. Code Ann. § 40-26-105(b)) (footnote omitted). The writ comes "with stringent statutory requirements[,]" and "the petition must be pled with specificity." *Id*. A trial court may grant the writ only when the coram nobis petition is in writing and describes "with particularity the nature and substance of the newly discovered evidence" and "demonstrates that it qualifies as newly discovered evidence." *Nunley v. State*, 552 S.W.3d 800, 816 (Tenn. 2018) (citing *Payne v. State*, 493 S.W. 3d 478, 484-85 (Tenn. 2016)). Error coram nobis relief is only available "[u]pon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time." Tenn. Code Ann. § 40-26-105(b). A trial court may dismiss a petition for a writ of error coram nobis "on the face of the petition, without discovery or an evidentiary hearing, and even prior to notification to the opposing party." *Nunley*, 552 S.W.3d at 825. The decision to grant or deny coram nobis relief rests within the sound discretion of the trial court. *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007).

Petitions for writ of error coram nobis are subject to a one-year statute of limitations. Tenn. Code Ann. § 27-7-103. "The statute of limitations is computed from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed, post-trial motion." *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010). "Timeliness under the statute of limitations . . . is not an affirmative defense; rather, it is one of the essential elements of a coram nobis claim." *Clardy*, 691 S.W.3d at 401. If a coram nobis petition "does not show on its face that it is filed within the one-year statute of limitations, the petition must set forth with particularity facts demonstrating that the prisoner is entitled to equitable tolling of the statute of limitations." *Nunley*, 552 S.W.3d at 829. "[T]he coram nobis statute of limitations may be tolled only if the petitioner produces newly discovered evidence that would, if true, establish clearly and convincingly that the petitioner is actually innocent of the underlying crime of which he was convicted." *Clardy*, 691 S.W.3d at 407.

"To qualify as 'actually innocent' under [Tennessee Code Annotated section] 40-30-117(a)(2), a petitioner must 'demonstrate actual innocence of the underlying crimes for which he was convicted.'" *Keen v. State*, 398 S.W.3d 594, 612 (Tenn. 2012) (quoting *Van Tran v. State*, 66 S.W.3d 790, 822 (Tenn. 2001) (Barker, J., dissenting)). This "means nothing other than that the person did not commit the crime." *Id*. An error coram nobis petitioner must prove actual innocence by clear and convincing evidence, although the trial

court at the initial stage "need not make a final determination of whether the 'new' evidence offered by the petitioner is credible." *Clardy*, 691 S.W.3d at 404. To satisfy the clear and convincing evidence standard, the new evidence, if credited, "should leave the court with no serious or substantial doubt that the petitioner is actually innocent." *Id*. at 408. It may not be "vague and uncertain." *Id*. (quoting *State v. Jones*, 450 S.W.3d 866, 893 (Tenn. 2014)).

Initially, Petitioner argues that the circuit court abused its discretion by "re-characterizing" his petition as one for coram nobis relief. While labeled as a post-conviction petition, Petitioner repeatedly cited Tennessee House Bill 601 (2025) as the basis for relief. In the petition, he asserted that House Bill 601 was codified at Tennessee Code Annotated section 40-30-501 *et seq*.; however, no such code section exists. On appeal, Petitioner acknowledges that House Bill 601 was actually codified at Tennessee Code Annotated section 40-26-105—the writ of error coram nobis statute. Thus, we conclude that the circuit court properly considered Petitioner's filing as a petition for writ of error coram nobis.

In denying relief, the circuit court correctly found that the petition was not filed within the applicable statute of limitations for coram nobis petitions. It appears from the record that the limitations period normally would have begun to run sometime between July and September 2009.[1] Thus, the one-year statute of limitations would have expired, at the latest, in September 2010, approximately fifteen years before the filing of the petition for writ of error coram nobis. The petition was clearly untimely.

Moreover, Petitioner failed to establish that he was entitled to tolling of the statute of limitations. As found by the circuit court, the evidence of the victim's recorded statement to police was not "newly discovered" as the record reflects that Petitioner knew of this evidence during his post-conviction hearing in 2016, if not earlier. Furthermore, the alleged newly discovered evidence set out in the petition, even if true, does not clearly and convincingly establish that Petitioner is actually innocent of the offenses for which he was convicted. *Clardy*, 691 S.W.3d at 407. Accordingly, the circuit court properly concluded that the petition was time-barred.

Finally, Petitioner asserts that the circuit court improperly treated his prior post-conviction proceedings "as a procedural bar." We disagree. In its order denying relief, the

---

[1] It is unclear from the record whether Petitioner filed a timely motion for new trial following the entry of his judgments of conviction on June 12, 2009, and, if so, when the trial court entered an order disposing of the motion for new trial. If no timely motion for new trial was filed, then Petitioner's judgments of conviction would have become final on July 12, 2009. If a timely motion for new trial was filed and disposed of by the trial court, we assume that the trial court's order would have been entered sometime before September 17, 2009, when Petitioner filed his notice of appeal with this court.

circuit court additionally concluded that coram nobis relief was not warranted because "the same evidence that form[ed] the basis of [the instant petition] was litigated, unsuccessfully, in . . . Petitioner's post-conviction petition[,]" noting that "[t]he error coram nobis statutory framework precludes the use of coram nobis petitions to relitigate issues already addressed in post-conviction proceedings."  The circuit court's conclusion correctly reflects that coram nobis relief is confined to errors outside the record and to "'matters that were not and could not have been litigated' in the trial, the appeal, or any other type of post-conviction proceeding[,]" *Clardy*, 691 S.W.3d at 400 (quoting Tenn. Code Ann. § 40-26-105(b)), and that because the record reflects Petitioner was aware of the victim's recorded statement to police during his post-conviction proceedings (if not earlier), the claim of an alleged *Napue* violation could have been litigated at that time.  Petitioner is not entitled to relief.

## Conclusion

Based upon the foregoing, we affirm the judgment of the circuit court.


s/*Robert L. Holloway, Jr.*
ROBERT L. HOLLOWAY, JR., JUDGE

- 7 -